# McVicker *versus* Dennison.

*Right of party to alter or dispense with written contract by notice not to
perform it.*

Under a lease providing for a purchase, at its termination, by the lessee, at
his option, and for the erection of a bark-shed, which, in case he did not pur-
chase, the lessor was to pay for, *held*, that the lessee had the right to build
the shed, though notified by the lessor not to do so, and that it would not be
paid for: and that in an action for the rent, the lessor was entitled to set
off its appraised cost and value.

ERROR to the Common Pleas of *Bedford county*.

This case came into the Common Pleas by appeal from the
judgment of a justice of the peace. The action was brought
by Abraham Dennison against James McVicker, and was founded
on an agreement by which Dennison leased to McVicker a tan-

yard property for three years from the 1st of April 1859, at an annual rent of $25 for the first, and $50 for the second and third years. McVicker was to have the privilege of purchasing the property at the end of the third year, for $700, payable in three payments. He was also to build a bark-shed, which Dennison was to pay for, at a price to be fixed by three carpenters, in case he did not purchase at the end of his lease. In April 1861 he removed from the premises, retaining the tannery to finish some calf-skins, which he worked out in the fall of 1861 or early in 1862. In March 1862 he called on Dennison to settle for the rent, and wanted a deduction, which was not agreed to. He then said he would see the agreement, and carry it out by building the bark-house. Dennison told him not to do it; that he had no use for it, and would not pay for it. Notwithstanding this, he built the house, and claimed to set off the cost, viz., $81.97, against the plaintiff's demand for rent; and as this sum exceeded the balance due on the rent, he asked judgment for the excess. The court below charged the jury that, under the circumstances of the case, he was not entitled to the set-off; and there was a verdict and judgment accordingly, which was the error assigned.

*O. E. Shannon*, for plaintiff in error.

*A. King*, for defendant in error.

The opinion of the court was delivered, May 25th 1863, by
WOODWARD, J.—It is with great reluctance we reverse the judgment in this little case, but to a majority of us it seems plain that the learned judge should have sustained the set-off that was offered. The bark-house was expressly provided for in the written contract of the parties, and McVicker was entitled to be paid for erecting it according to the contract. Dennison could not alter the contract by a notice not to erect it, even if that notice had been more specific than was proved. We are strongly inclined to believe the work was done in no good spirit, certainly not in what the judge assumed to be the spirit of the contract; but having been done according to the letter of the bargain, it should be paid for according to the letter.

This judgment is reversed, and a *venire de novo* awarded.

LOWRIE, C. J., dissented.